[No. 22043. Department Two. May 19, 1930.]

GEORGE JACKSON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster,* for appellant.

*H. C. Thompson,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the department of labor and industries disallowing a claim.

January 17, 1928, George Jackson, the respondent, while working in the woods for the St. Paul & Tacoma

[1]Reported in 288 Pac. 235.

2

Lumber Company, either fell and sustained an injury, for which he sought compensation, or suffered a cerebral hemorrhage before he fell, in which event he would not be entitled to compensation under the workmen's compensation act.

September 8, 1928, the accident was reported to the department and was thereafter rejected. The respondent applied for and was granted a rehearing before the joint board of the department. The joint board, after a hearing, sustained the action of the supervisor of industrial insurance, from which order the respondent appealed to the superior court, where a trial was had before a jury and testimony offered by the respective parties. The jury sustained the claim of the respondent for compensation. Judgment was entered in accordance with the finding of the jury, from which the department of labor and industries appeals.

It is first contended that the court erred in the instructions submitting the case to the jury. In the instructions, the word "injury" was defined in substantial accordance with Rem. Comp. Stat., § 7675. In 1927 (Laws of 1927, p. 815, ch. 310, § 2), that section was amended and the definition of the word "injury" was changed somewhat.

Even though there was error in the instructions, it was not prejudicial, because the jury could not have been misled thereby. The issue was simple and distinct. The respondent testified that he was working in the woods and, at the time of the accident, was standing upon two poles sawing a log. He says that he had one foot on each pole and that, while he was sawing, one of the poles slipped, causing him to fall to the ground, striking his head against the log. The appellant contended that the respondent suffered a cerebral hemorrhage before he fell and this was the cause of his falling, and not the giving way of one of

the poles. Evidence was offered by the appellant from which the jury could have drawn the inference that its theory was correct.

A question of fact was therefore presented. Under the instructions given, the jury could not have found for the respondent without finding that his fall was caused by one of the poles upon which he was standing giving way. It was made plain in the instructions that, if the respondent's condition was not due to the giving way of the pole, he could not recover. As already indicated, while there was error in the instructions, it was not prejudicial.

It is also contended that the special findings made by the jury do not sustain the judgment entered, but we find no substantial merit in this contention.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, HOLCOMB, and FULLERTON, JJ., concur.